**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ARTHUR LENARD JAMES, III,**

    **Plaintiff,**

vs.                                                   Case No. 4:21-cv-421-WS-MAF

**KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, Arthur Lenard James, III, proceeding *pro se*, initiated this case by filing a "Complaint for Review of Adverse Social Security Decision," pursuant to the Social Security Act, 42 U.S.C. § 405(g). ECF No. 1. The Court reviewed the complaint, found it insufficient, and ordered Plaintiff to amend. ECF No. 4. The Court also ordered Plaintiff to refile his motion to proceed *in forma pauperis* (IFP), which was incomplete, or to pay the $402 filing fee. Id. Plaintiff filed an amended complaint, which remained legally insufficient. ECF No. 5. The Court again ordered Plaintiff to file a properly amended complaint by **December 17, 2021**. ECF No. 7. As of the date of the drafting of this Report, Plaintiff has not paid the $402 filing fee, did not

resubmit a proper IFP motion, and has not filed a legally sufficient complaint. For the reasons stated below, Plaintiff's complaint should be dismissed.

I.   **Plaintiff's Amended Complaint, ECF No. 5.**

Plaintiff does not provide any facts to support the basis for a claim against the Social Security Administration. ECF No. 5, p. 5. In fact, it is unclear from the complaint whether Plaintiff is challenging a denial of Florida Medicaid benefits or Social Security benefits. Id. Plaintiff only states that the "facts aren't supported by the disability insurance know[n] as Medicaid." Id. Plaintiff did not detail the factual findings found by the Commissioner and failed to explain why the findings are not supported by substantial record evidence. Id. Similarly, Plaintiff's statement that Florida Medicaid Insurance does not activate supplemental security income does not explain why he believes the Commissioner's decision was based on a legal error. Id.

It appears that Plaintiff believes he is entitled to receive "SSI" benefits because he has several disabilities including "ADHD, speech stutter, bipolar, anger, and learning development," which he claims began in 1999. Id., p. 6. Plaintiff states the agency's decision became final on August 26, 2021. Id., p. 4.

*Pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v.

Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

## II. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun

pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff sues the Commissioner but fails to explain which factual findings are objectionable to him and does not explain how any findings are not supported by substantial record evidence. Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

Twice, the Court directed Plaintiff to amend this deficiency; however, Plaintiff did not do so. Accordingly, the complaint should be dismissed as an impermissible shotgun pleading.

### III. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes

the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to respond to the Court's order directing him to file an amended complaint. The Court advised Plaintiff that failure to follow Court orders could result in a recommendation of dismissal. ECF No. 7.

## IV. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's amended complaint, ECF No. 4, be DISMISSED because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned,

generally is not an abuse of discretion."). It is also recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on December 29, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).